McKay
vs.
McKay.

Case 2.

## McKay vs. McKay.

Pet. Eq.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. The wife alleges and proves that the husband *has no estate;* has depended for years upon the labor of herself and children for support; has made no suitable provision for their maintenance, and is and has been a common and confirmed drunkard for several years. Held— That by the liberal construction authorized by *Rev. Stat.* 170, the words *"wasting of his estate,"* (*Rev. Stat.* 390,) embrace and apply to a man's health, time, and labor, where he has no property, which being necessary for the support of his family, are essentially his *estate,* and the proof, *supra,* entitles the wife to a decree *a vincula matrimonii.*

[No brief on file.]

[This case was decided at the Summer Term, 1855, but was accidentally omitted in the published decisions of that term.]

Oct. 4, 1855.

Judge Stites delivered the opinion of the court.

By the *Revised Statutes,* 390, a decree for a divorce in favor of the wife may be had, "when she is not in like fault," for the following cause among others. "Confirmed habit of drunkenness, on the part of the husband, of not less than one year's duration, accompanied with a wasting of his estate, and without any suitable provision for the maintenance of his wife and children."

Here the wife alleges, substantially, and proves, that the husband has no estate; has been for years dependent upon the labor of herself and children for a support; has made no suitable provision for their maintenance, and is and has been for several years a common and confirmed drunkard.

1. The wife alleges and proves that the husband *has no estate;* has depended for years upon the labor of herself and children for support; has made no suitable provision for their maintenance, and is and has been a common and confirmed drunkard for several years

The Chancellor decreed a divorce from bed and board, but refused a divorce from the bonds of matrimony.

The Legislature did not, in our opinion, intend, by the language used in the foregoing provision, to exclude from its benefit a wife whose husband, at the

time of the application, or even before, should be destitute of property. Such construction would operate sorely in cases similar to the present, where the application for divorce has been deferred by the wife, with the fond but vain hope of reformation, until, after the entire estate has been squandered, she is constrained, for the protection of herself and children, to ask the protection of the law.

The liberal construction directed by the *Revised Statutes*, 190, should be applied, and the words "wasting of his estate," where he has no property, should be deemed to apply to and embrace a man's health, time, and labor, all of which, for the purpose of supporting himself and family, are essentially his estate.

The wife in this case is not we think, adequately protected against the consequences of the confirmed habits of drunkenness of the husband, by a decree from bed and board. She was entitled to a divorce a *vincula matrimonii*, and in refusing it the Chancellor, in our opinion, erred.

Wherefore, the judgment *is reversed*, and cause remanded for a judgment as herein indicated.

CITY OF LOUISV.
*vs.*
M. KEAN.
SAME
*vs.*
N. VACARO.
LUPE & HAMBRIGHT
*vs.*
BARBEE, &C.
and
GRAF & WEYD
*vs.*
SAME.

Held—That by the liberal construction authorized by *Rev. Stat* 190, the words *"wasting of his estate,"* (*Rev. Stat.* 390,) embrace and apply to a man's health, time, and labor, where he has no property, which being necessary for the support of his family, are essentially his estate, and the proof, *supra*, entitles the wife to a decree a *vincula matrimonii.*

